IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARANG CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-506C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss plaintiff's complaint upon the grounds that the Court does not possess jurisdiction to entertain the complaint and the complaint fails to state a claim upon which relief can be granted. In support of our motion, we rely upon plaintiff’s pleadings and this brief.

**STATEMENT OF FACTS**

According to the complaint, the plaintiff, Sarang Corporation (“Sarang”) and the United States Department of Agriculture Forest Service (“Forest Service” or “agency”) entered into a contract for Sarang to perform construction services on May 11, 2001. Compl. ¶ 1, 5. On June 25, 2003, Sarang submitted a claim with the contracting officer for $198,263.00, alleging that it had performed work outside the scope of the contract as a result of changes directed by the Forest Service. Compl. ¶ 7. Sarang completed work on the contract on November 19, 2003 and was paid by the Forest Service for its work. Compl. ¶ 1, 6. The

Forest Service withheld $25,000 from its payment, however, because of the continuing dispute over Sarang's claim for payment for the "extra work." Compl. ¶ 6.

On October 14, 2005 the parties entered a settlement agreement (the "Settlement Agreement") with respect to Sarang's claim for payment for the extra work. Compl. ¶ 7, Attachment B. Pursuant to the Settlement Agreement, the Forest Service agreed to pay Sarang $50,886, and Sarang agreed to accept that amount as "full accord and satisfaction of all amounts to which Sarang Corporation is entitled to in payment [for its claim under the contract]." Compl. Attachment B. The Settlement Agreement contained no provision for the payment of interest. Id. The Forest Service did not immediately remit payment under the Settlement Agreement or for the $25,000 balance claimed by Sarang on the contract. Compl. ¶ 1.

On July 7, 2006, Sarang filed its complaint in this court seeking payment of the settlement amount and the $25,000 the Forest Service withheld from the final payment upon the contract. Comp. ¶ 1. After Sarang filed its complaint, the Forest Service remitted to Sarang $50,886 pursuant to the Settlement Agreement and the $25,000 balance Sarang claimed upon the contract.

Sarang then filed an amended complaint on October 13, 2006. Its amended complaint seeks (i) a declaratory judgment that the payments made by the Forest Service are "late payments" as

defined by the Prompt Payment Act, 31 U.S.C. § 3901, et seq., (ii) interest from November 13, 2005 to August 15, 2006 upon the $50,886 settlement amount and (iii) interest from January 1, 2004 to July 21, 2006 upon the $25,000 payment. Compl. ¶ 9, 11, Prayer for Relief. Notably, Sarang's amended complaint does not contain any claims to the underlying principal amounts stated in its initial complaint. Thus, Sarang's complaint consists of only its claims for interest, each independent of any substantive claim, and a prayer for declaratory judgment that the Government's payments were late.

**Summary of the Argument**

Sarang is not entitled to interest on either the $25,000 withheld from the final payment pursuant to the contract or the $50,886 settlement amount. Sarang did not submit a claim with the contracting officer with respect to the interest amounts it seeks in its complaint or with respect to the principal amounts upon which interest is alleged to have accrued. As a result, this Court lacks jurisdiction over its claims pursuant to the Contract Disputes Act ("CDA") and the Prompt Payment Act ("PPA"). In addition, Sarang has failed to satisfy the conditions for a claim of interest pursuant to the CDA and PPA and their implementing regulations. Moreover, Sarang's complaint does not seek a money judgment with respect to any principal amount; thus, no amount upon which interest may be based will be "found due"

for purposes of the CDA and FAR provisions providing for the payment of interest. Finally, the Settlement Agreement is not subject to the CDA, FAR, PPA or the regulations cited by Sarang, and is not, therefore, subject to the interest provisions of those statutes or regulations. For these reasons, Sarang's complaint must be dismissed.

## **ARGUMENT**

### **I. Standard of Review**

It is well settled that this Court is one of limited jurisdiction. Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 399, quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Id. at 399, quoting United States v. King, 395 U.S. 1, 4 (1969). In the case of interest, it may not be recovered from the Government in the

absence of an explicit waiver of sovereign immunity separate from the general waiver of immunity to suit. Library of Congress v. Shaw, 478 U.S. 310, 314 (1986); Marathon Oil v. United States, 374 F.3d 1123, 1126-27 (Fed. Cir. 2004). Whether or not a separate waiver of sovereign immunity permitting the award of interest exists also determines the Court's jurisdiction to entertain such a claim. Zumerling v. Marsh, 783 F.2d 1032, 1034 (Fed. Cir. 1986).

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1464 (Fed. Cir. 1997) (citations omitted). Where this Court's subject matter jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table). Moreover, in deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986).

**II. Sarang is Not Entitled To Interest Upon the $25,000 Payment**

**A. This Court Lacks Jurisdiction to Entertain Sarang's Claim for Interest Upon the $25,000 Payment Because Sarang Failed to Submit A Claim to the Contracting Officer**

Sarang claims that this Court possesses jurisdiction to entertain its claim for interest upon the $25,000 payment pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq. Under the CDA, this Court possesses jurisdiction over causes of action only after a a valid claim has been submitted to the contracting officer and that claim has been denied, or deemed denied, by the contracting. 41 U.S.C. § 605 (a) (1988). See also Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (1999); Cincinnati Electronics Corporation v. United States, 32 Fed. Cl. 496, 505 (1994). Sarang has not, however, submitted a claim to the contracting officer for the interest upon the $25,000 withheld from the final payment on the contract.[1] This Court does not, therefore, possess jurisdiction to entertain this independent interest claim.

**B. Sarang Is Not Entitled to Interest upon The $25,000 Payment Pursuant to Either 41 U.S.C. § 611 or FAR § 33.208**

Sarang is not entitled to interest upon the $25,000 payment pursuant to either the CDA or FAR § 33.208 because (i) it has not requested that the Court enter judgment upon an amount "found

[1] Indeed, Sarang has not submitted a claim to the contracting officer for the $25,000 itself.

due" and (ii) Sarang did not submit a claim to the contracting officer for the $25,000 allegedly withheld from the final payment upon the contract. The CDA interest provision, 41 U.S.C. § 611, provides that "Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605 ... ." In addition, FAR 33.208, the provision upon which Sarang has claimed interest on the $25,000, provides, in relevant part, "The Government shall pay interest on a contractor's claim on the amount found due and unpaid from the date that (1) The contracting officer receives the claim ... or (2) Payment otherwise would be due, if that date is later, until the date of payment."

Both provisions provide for the payment of interest only upon an amount "found due," but there will be no amount "found due" in this case because Sarang has sought only declaratory relief. <u>NAB-Lord Associates v. United States</u>, 682 F.2d 940, 944 (Ct. Cl. 1982) (a contractor must assert an underlying claim for quantum in order to be entitled to interest under the CDA). Sarang's complaint does not allege any principal amount due by the Government. Moreover, Sarang has requested only a declaratory judgment with respect to the principal amounts, and has not requested that the Court enter a money judgment in its favor. Thus, there will be no amount "found due" for CDA

purposes, and no interest may be awarded pursuant to the CDA. Raytheon Co. v. United States, 305 F.3d 1354, 1365 (Fed. Cir. 2002) (holding appellant not entitled to CDA interest upon price adjustment awarded by board because board decision did not establish amount appellant was to be paid).

In addition, Sarang has not alleged that it submitted a claim to the contracting officer for the $25,000. As is evident from the language quoted above, interest does not begin to accrue pusuant to the CDA or FAR § 33.208 until the contracting officer's receipt of the claim, so Sarang's failure to submit a claim to the contracting officer prevents the accrual of interest upon the $25,000.

### C. Sarang Is Not Entitled to Interest Upon The $25,000 Payment Pursuant to The Prompt Payment Act

Sarang also requests, apparently as an alternative to its CDA/FAR claims, that the Court award it interest pursuant to the Prompt Payment Act("PPA"), 31 U.S.C. § 3901, et seq. The PPA provides, however, that in order to assert a claim for an interest penalty owed under the PPA but not paid by the Government, the claimant must submit a claim with the contracting officer pursuant to 41 U.S.C. § 605. 31 U.S.C. § 3907(a). As discussed above, however, Sarang has not submitted a claim for interest to the contracting officer. Thus, this Court does not have jurisdiction to entertain its interest claim.

Moreover, interest pursuant to the PPA may not accrue for a period of more than one year. 31 U.S.C. § 3907(b)(1)(B). Sarang, however, has claimed interest for 30 months 19 days. Compl. ¶ 9. At the very least, then, Sarang's claim for interest pursuant to the PPA should be dismissed to the extent Sarang claims interest for more than one year.

## III. Sarang Is Not Entitled to Interest on the $50,886 Settlement Amount

Sarang claims the Government owes it interest upon the $50,886 settlement amount set forth in the October 14, 2003 Settlement Agreement. Sarang has failed, however, to establish the Court's jurisdiction to entertain this claim or to set forth a valid legal basis for this claim. Thus, the Government has not waived sovereign immunity with respect to any of Sarang's interest claims by statute, regulation or contract.

### A. This Court Lacks Jurisdiction to Entertain Sarang's Claim for Interest upon the $50,886 Settlement Amount

Sarang asserts that this Court possesses jurisdiction to entertain its claim for interest upon the $50,886 settlement amount pursuant to the CDA. As discussed above, under the CDA, this Court possesses jurisdiction over causes of action only after a valid claim has been submitted to the contracting officer and that claim has been denied, or deemed denied, by the contracting officer. 41 U.S.C. § 605 (a). See also Advanced Materials, 46 Fed. Cl. at 701; Cincinnati Electronics, 32 Fed.

Cl. at 505. Sarang has not, however, submitted a claim to the contracting officer for the interest upon the settlement amount.[2] This Court does not, therefore, possess jurisdiction to entertain this independent interest claim.

**B. Sarang Is Not Entitled to Interest Pursuant to the CDA**

Sarang is not entitled to interest pursuant to the CDA interest provision because the Settlement Agreement is not subject to the CDA. With respect to contracts by executive agencies, the CDA applies only to contracts for the procurement of property, services, construction, alteration, repair or maintenance of real property or the disposal of personal property. 41 U.S.C. § 602. The Settlement Agreement does not provide for the procurement of such property or services and is not subject to the CDA. Sarang may not, therefore, claim interest pursuant to the CDA interest provision. 41 U.S.C. § 611.

Even if the CDA applied to agreements such as the Settlement Agreement in this case, Sarang would not be entitled to interest pursuant to § 611. First, the Court would lack jurisdiction over this cause of action because Sarang has failed to submit a claim for breach of the Settlement Agreement to the contracting officer pursuant to 41 U.S.C. § 605. Moreover, Sarang's failure to

[2] As was the case with the $25,000, Sarang has not submitted a claim to the contracting officer for the $50,886 settlement amount itself.

submit a claim would prevent the accrual of interest because pursuant to § 611 the accrual of interest begins on “the date the contracting officer receives the claim pursuant to section 605(a).” 41 U.S.C. § 611. In addition, as discussed above, there will be no amount “found due” in this case because Sarang has sought only declaratory relief. Thus, there will be no amount upon which interest may be based pursuant to § 611. Also, Section 611 also calls for the payment of interest on amounts found due “on claims.” Sarang’s failure to submit a claim to the contracting officer, then, also has the effect of denying it a basis upon which to calculate interest.

### C. Sarang Is Not Entitled to Interest Pursuant to Far § 33.208

Sarang asserts an entitlement to interest upon the settlement pursuant to FAR 33.208; the Settlement Agreement between the parties, however, is not subject to § 33.208. Part 33 of the FAR is applicable to “any express or implied contract covered by the Federal Acquisition Regulation.” 48 C.F.R. § 33.203. The Settlement Agreement is not a “contract” within the meaning of that provision, however, because the FAR defines “contract” as a legally binding relationship obligating a seller to furnish “supplies or services.” 48 C.F.R. § 2.101. Moreover, 48 C.F.R. § 1.104 states that “The FAR applies to all acquisitions as defined in Part 2 of the FAR, except where expressly excluded.” Section 2.101, in turn, defines an

acquisition as "the acquiring by contract with appropriated funds of supplies or services (including construction) by and for the use of the Federal Government." The Settlement Agreement, on the other hand, is an agreement for the compromise of a dispute between the United States and Sarang. It is not a contract for the acquisition of goods and services by the Government. Thus, the Settlement Agreement is neither a "contract" nor an "acquisition" pursuant to the FAR, and the FAR is not applicable to the Settlement Agreement. Any alleged failure to make timely payments pursuant to the Settlement Agreement, therefore, is not subject to interest pursuant to FAR § 33.208.

Even if the § 33.208 applied to agreements such as the Settlement Agreement in this case, Sarang would not be entitled to interest pursuant to § 33.208. First, as discussed above, there will be no amount "found due" in this case because Sarang has sought only declaratory relief. Thus, there will be no amount upon which interest would be due pursuant to FAR § 33.208. Second, Sarang has not alleged that it submitted a claim to the contracting officer for any alleged claim pursuant to the Settlement Agreement. Interest does not begin to accrue under FAR § 33.208 until the contracting officer's receipt of the claim, so Sarang's failure to submit a claim to the contracting officer prevents the accrual of interest on the settlement amount.

**D. Sarang Is Not Entitled to Interest Upon the Settlement Amount Pursuant to the Prompt Payment Act**

Sarang also requests that the Court award it interest upon the settlement amount pursuant to the PPA. As explained previously, however, the PPA provides that in order to assert a claim for an interest penalty owed pursuant to the PPA but not paid by the Government, the claimant must submit a claim with the contracting officer pursuant to 41 U.S.C. § 605. 31 U.S.C. § 3907(a). Again, Sarang has not submitted a claim for interest upon the settlement amount to the contracting officer. Thus, this Court does not have jurisdiction to entertain its PPA claim.

Moreover, the PPA applies only to late payments for the acquisition of "property or service." 31 U.S.C. § 3902(a), (h)(1). As discussed previously, the Settlement Agreement is not such an agreement. In addition, interest does not begin to accrue pursuant to the PPA until an invoice has been submitted to the agency. 31 U.S.C. § 3901(a)(4). Sarang has not alleged that it submitted an invoice for payment pursuant to the Settlement Agreement. For all of the reasons stated, Sarang's claim for PPA interest pursuant to the Settlement Agreement must be dismissed.

**E. Sarang is not entitled to interest pursuant to the Settlement Agreement**

Finally, Sarang is not entitled to interest pursuant to the Settlement Agreement itself. The agreement is silent with respect to interest. The Settlement Agreement cannot, then, be

deemed to have waived the sovereign immunity of the United States with respect to the payment of interest on claims pursuant to the agreement. Testan, 424 U.S. at 399.

## CONCLUSION

For the foregoing reasons, defendant respectfully request that the Court dismiss Sarang's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel.: (202) 307-0282

Attorneys for Defendant

January 8, 2006

CERTIFICATE OF FILING

I hereby certify that on this 8th day of January, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler