# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARANG CORPORATION<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-506 C<br>(Judge Braden) |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Sarang Corporation has filed a complaint in this Court requesting the award of statutorily mandated interest payments on two claims originally submitted to the U.S. Forest Service under Contract No. 50-3434-1-1524 in 2003. The specific amounts of the original claims were $283,993.00 (Claim #1) and $198,263.00 (Claim #2). *See* Amended Complaint, Attachments A and B, respectively. However, the balance due at the time the complaint on Claim #1 was $25,000, and the balance due on Claim #2 was $50,886.00.

After Sarang filed its complaint the Forest Service remitted payment on the balance due on each of the claims. Thus, the only issues remaining before the Court turn around the matter of interest payments under the Contract Disputes Act (CDA), 41 U.S.C. § 601 *et seq.*, and the Prompt Payment Act (PPA), 31 U.S.C. Sec 3901 *et seq.* The defendant has filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the RCFC.

### I. Summary of Plaintiff's Response Argument

The defendant alleges in its motion to dismiss that this Court has no jurisdiction over the claims presented in the complaint. However, this Court's jurisdiction to hear cases relating to government contracts is well articulated under the CDA as well as the

PPA. *Gutz v. U.S.*, 45 Fed. Cl. 291 (1999); *CPT Corp. v. U.S.*, 25 Cl. Ct. 451 (1992). Furthermore, contrary to defendant's assertions, plaintiff met all necessary pre-requisites of the CDA by submitting its claims to the Forest Service for final determination prior to filing its claims in this Court. There is no need under the CDA or PPA for a contractor to resubmit new claims for interest once an agency issues its final agency decision, as the Forest Service did in this case. Furthermore, by application of the Tucker Act, 28 U.S.C. § 1491, this Court's jurisdiction extends to the Forest Service's breach of its promises to pay upon its obligations once it had issued final decisions on each of Sarang's claims in accordance with FAR Subpart 33.2. It is therefore only by severely twisting the intent of the law can the defendant come up, as it has, with a theory asserting this Court's lack of jurisdiction.

## II. Discussion of the Court's Jurisdiction in General Over Claims Involving Interest

The defendant appears to assert as a sweeping generalization in its motion that this Court lacks jurisdiction over claims involving interest owed by the Government. *See* Motion to Dismiss, pp. 4-5. This assertion, however, is quite incorrect. The CDA clearly provides for the payment of interest on contractor claims. 41 U.S.C. § 611. This grant of authority is further articulated by regulation under FAR § 33.202(a) and FAR § 33.208. There is therefore no valid basis for claiming, as the Defendant appears to do here, that the Government affords no explicit waiver of sovereign immunity when it comes to interest payments under government contract cases.

A further basis for this Court's jurisdiction over claims involving interest can be asserted under the Tucker Act. Although the Tucker Act by itself creates no substantive

right for the recovery of money, it clearly waives sovereign immunity under specific conditions. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). It is a settled as a matter of law that Tucker Act jurisdiction can be asserted so long as a plaintiff's claims are predicated on a constitutional provision, statute, executive department regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (1988). The claims asserted by Sarang in its complaint fall clearly within the sovereign immunity waiver afforded by the Tucker Act because they point to the Forest Service's breach of its contractual obligations under the CDA, the PPA and the FAR, all of which are incorporated by reference into the contract executed between Sarang and the Forest Service.

The defendant also argues that the Settlement Agreement entered between Sarang and the Forest Service is not subject to the CDA, FAR, PPA or other regulations cited in the complaint. However, to the best of Sarang's knowledge, the Settlement Agreement was reached by direct application of government policy under FAR Part 33, which effectively authorizes the resolution of contractual issues in controversy by mutual agreement at the contracting officer's level. FAR Subpart 33.2 directly cites the CDA, and FAR Subpart 32.9 directly cites and PPA as the basis upon which contractors may be entitled to interest payments.

The remainder of this brief discusses how the government failed in its obligations, and why that failure triggers appropriate jurisdiction under this Court.

III. Sarang is Entitled to Interest Upon the $25,000 Payment Because It Filed a Satisfactory Claim under the CDA Regarding this Amount, and Also Because the Government Failed in its Contractual Obligation to Remit this Amount in a Timely Manner After Certifying the Claim.

It is important to understand that Sarang originally filed its claim for payment with the Forest Service on March 17, 2003. Amended Compl., Attachment A. That claim requested compensation in the amount of $283,993 for work completed. In accordance with the requirements of the CDA, 41 U.S.C. § 605(c), the claim included a written certification of good faith, accuracy and completeness.

The contracting officer, after acknowledging that the applicable contract work was "100% complete," certified payment in the amount of $258,993 on December 2, 2003. The contracting officer wrote on the Certificate of Payment that she was "Withholding $25,000 pending final calculation of a request for adjustment [by Sarang] including late penalty." Amended Compl., Attach. A. As of December 12, 2003, therefore, only $25,000 remained to be paid by the Forest Service out of original claim filed by Sarang for $283,993.00. There was no dispute regarding this amount; yet the Forest Service refused to remit payment until after Sarang had filed its complaint.

Sarang's position is that CDA and PPA interest began to accrue under the $25,000 claim on December 2, 2003, the date upon which the contracting officer certified this amount as owed to Sarang. However, since the contracting officer also indicated that the $25,000 was to be withheld until such time as Sarang's other claim was resolved, the calculation of PPA interest at the very latest should begin at

This Court has jurisdiction over Sarang's claims regarding the $25,000 because the Forest Service breached its duty to remit timely payment of once it accepted and certified Sarang's claim. There is simply no requirement under either the CDA or the

PPA that partial payment on a claim should trigger a new obligation on the part of the contractor to file a new claim for payment. Indeed, such a requirement flies in the face of the Government's general policy encouraging the quick resolution of claims under the FAR. As stated earlier, the Forest Service's breach of its obligation allows this Court to exercise its Tucker Act jurisdiction to fairly address the interest requirements of the CDA and the PPA.

IV. <u>Sarang is Entitled to Interest Upon the $50,886.00 Payment Because the Settlement Agreement that it Executed with the Forest Service Constituted a Final Decision on Its Claim, and Also Because the Government Failed in its Contractual Obligation to Remit this Amount in a Timely Manner After Agreeing to the Settlement Agreement.</u>

The defendant asserts a series of arguments as to why Sarang is not entitled to interest upon the $50,886.00 settlement:

A. The CDA does not apply because Sarang failed to submit a claim for payment on the Settlement Agreement;

B. The Settlement Agreement is not subject to the CDA;

C. Sarang is Not Entitled to Interest under FAR § 33.208;

D. Sarang in Not Entitled to Interest Pursuant to the PPA; and

E. Sarang is Not Entitled to Interest Pursuant to the Settlement Agreement.

Each of these arguments offered by the defendant turns around the same erroneous premise: that the Settlement Agreement should be treated as a stand-alone document negotiated without regard to the underlying Government contract upon which Sarang originally filed its $198,263.00 claim for payment with the Forest Service.

It has been Sarang's position all along that its letter to Forest Service dated June 25, 2003 constituted a claim under its contract for a specific amount of $198,263.00. The Forest Service certainly treated the letter as a claim; this fact is evidenced by the contracting officer's response to Sarang via letter dated July 19, 2005 in which she acknowledged receipt of Sarang's "certified claim." Amended Compl., Attach. B. The contracting officer's letter went on to propose the very terms which formed the basis of the Settlement Agreement executed between Sarang and the Forest Service on October 14, 2005.

Contrary to the defendant's position, therefore the CDA and PPA apply to this case because there was in fact a claim submitted by Sarang to the Forest Service. Furthermore, once Sarang and the Forest Service reached the Settlement Agreement, the interest requirements of the CDA and PPA were triggered in accordance with the regulations under FAR Subparts 33.2 and 32.9, respectively, thereby entitling Sarang to penalty interest on late payments.

## V. Defendant's Assertion that this Court Can Reach No "Found Due" Amount Under the CDA is Erroneous

Defendant devotes a considerable amount of time in its brief discussing the "found due" requirement under 41 U.S.C. § 611. Specifically, defendant asserts that because Sarang's Amended Complaint acknowledged the original claims of $25,000.00 and $50,886.00 as having been paid, this Court has no jurisdiction upon which to address the claims for interest. This assertion appears to assume that the Amended Complaint superseded the original complaint in its entirety. It was not Sarang's intent to have the amended complaint supersede the original complaint. The amended complaint was filed

only to set forth events that had occurred since the original filing, thereby rendering moot the $25,000.00 and $50,886.00 claims. To the extent that there might be a misunderstanding on this matter, Sarang hereby requests the Court treat the original complaint as incorporated into the amended complaint.

## VI. Conclusion

For the foregoing reasons, defendant respectfully requests this Court to deny defendant's motion to dismiss.

Respectfully submitted,

s/ J. Cobbie de Graft

J. Cobbie de Graft, Esq.
Counsel for the Plaintiff

Phone (703) 726-0197
Fax (703) 726-0198

Date: February 15, 2007