**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SARANG CORPORATION | ) | |
| Plaintiff | ) | |
| | ) | No. 06-506 C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES | ) | |
| Defendant | ) | |

**MOTION TO AMEND PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

This motion is filed pursuant to Rule 15(a) of the Rules of the Court of Federal Claims (RCFC).

Plaintiff filed a response to defendant's motion to dismiss via the Court's Electronic Case Filing system on February 15, 2007. After filing the response, however, plaintiff discovered that the version filed was in draft format. Plaintiff therefore requests this Court to accept an amended filing that corrects several errors in the original filing. This amended pleading is intended to supersede plaintiff's original response to defendant's motion to dismiss in its entirety.

Respectfully submitted,

s/ J. Cobbie de Graft

J. Cobbie de Graft, Esq.
Counsel for the Plaintiff

Phone (703) 726-0197
Fax (703) 726-0198

Date: February 19, 2007

**THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SARANG CORPORATION<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-506 C<br>(Judge Braden) |

**PLAINTIFF'S AMENDED RESPONSE TO MOTION TO DISMISS**

Sarang Corporation has filed a complaint in this Court requesting the award of statutorily mandated interest payments on two claims originally submitted to the U.S. Forest Service under Contract No. 50-3434-1-1524 in 2003. The specific amounts of the original claims were $283,993.00 (Claim #1) and $198,263.00 (Claim #2). *See* Amended Complaint, Attachments A and B, respectively. However, the balance due at the time the complaint on Claim #1 was $25,000.00, and the balance due on Claim #2 was $50,886.00.

After Sarang filed its complaint the Forest Service remitted payment on the balance due on each of the claims. (Sarang believes that the Government's act of remittance was prompted by Sarang's complaint.) At this time, therefore, the only issues remaining before the Court turn on the matter of interest payments under the Contract Disputes Act (CDA), 41 U.S.C. § 601 *et seq.*, and the Prompt Payment Act (PPA), 31 U.S.C. Sec 3901 *et seq*. The defendant has filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the RCFC.

## I. Summary of Plaintiff's Response Argument

The defendant alleges in its motion to dismiss that this Court has no jurisdiction over the claims presented in the complaint. However, this Court's jurisdiction to hear cases relating to government contracts is well articulated under the CDA as well as the PPA. *Gutz v. U.S.*, 45 Fed. Cl. 291 (1999); *CPT Corp. v. U.S.*, 25 Cl. Ct. 451 (1992). Furthermore, contrary to defendant's assertions, plaintiff met all necessary pre-requisites of the CDA by submitting its claims to the Forest Service for final determination prior to filing its claims in this Court. There is no need under the CDA or PPA for a contractor to resubmit new claims for interest once an agency issues its final decision on underlying claims, as the Forest Service did in this case. Furthermore, by application of the Tucker Act, 28 U.S.C. § 1491, this Court's jurisdiction extends to the Forest Service's breach of its promises to pay upon its contractual obligations once it issued final decisions on each of Sarang's claims in accordance with FAR Subpart 33.2. These contractual obligations arose from the terms of the original contract for construction services between Sarang and the Forest Service (i.e., Contract No. 50-3434-1-1524) as well as the settlement agreement executed on October 14, 2005. Only by severely twisting the intent of the law can the defendant come up, as it has, with a theory asserting this Court's lack of jurisdiction.

## II. Discussion of the Court's Jurisdiction in General Over Claims Involving Interest

The defendant appears to assert as a sweeping generalization in its motion that this Court lacks jurisdiction over claims involving interest owed by the Government. *See*

Motion to Dismiss, at 4-5. This assertion, however, is quite incorrect. The CDA clearly provides for the payment of interest on contractor claims. 41 U.S.C. § 611. This grant of authority is further articulated by regulation under FAR § 33.202(a) and FAR § 33.208. There is therefore no valid basis for claiming, as the Defendant appears to do here, that the Government affords no explicit waiver of sovereign immunity when it comes to interest payments under contractor claims in government contract cases.

A further basis for this Court's jurisdiction over claims involving interest can be asserted under the Tucker Act. Although the Tucker Act by itself creates no substantive right for the recovery of money, it clearly waives sovereign immunity under specific conditions. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). It is a settled as a matter of law that Tucker Act jurisdiction can be asserted so long as a plaintiff's claims are predicated on a constitutional provision, statute, executive department regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (1988). The claims asserted by Sarang in its complaint fall clearly within the sovereign immunity waiver afforded by the Tucker Act because they point to the Forest Service's breach of its obligations under the CDA, the PPA and the FAR, all of which are incorporated by reference into the construction contract executed between Sarang and the Forest Service.

The defendant also argues that the settlement agreement entered between Sarang and the Forest Service is not subject to the CDA, FAR, PPA or other regulations cited in the complaint. Mot. to Dismiss, *at* 4. However, to the best of Sarang's knowledge, this settlement agreement, executed in regard to the $50,886.00 claim, was reached by direct application of government policy under FAR Part 33, which effectively authorizes the

resolution of contractual issues in controversy by mutual agreement at the contracting officer's level. FAR Subpart 33.2 directly cites the CDA, and FAR Subpart 32.9 directly cites the PPA as the basis upon which contractors are entitled to interest payments upon claims resolved but not timely remitted by the Government. In both cases, interest payments are automatically owed by the Government according to a regulated formula.

The remainder of this brief discusses how the government failed in its obligations, and why that failure triggers appropriate jurisdiction under this Court.

## III. **Sarang is Entitled to Interest Upon the $25,000 Payment Because It Filed a Satisfactory Claim under the CDA Regarding this Amount, and Also Because the Government Failed in its Contractual Obligation to Remit this Amount in a Timely Manner After Certifying and Settling on the Claim.**

It is important to understand that Sarang originally filed its claim for payment with the Forest Service on March 17, 2003. Amended Compl., Attachment A. That claim requested compensation in the amount of $283,993 for work completed. In accordance with the requirements of the CDA, 41 U.S.C. § 605(c), the claim included a written certification of good faith, accuracy and completeness.

The contracting officer, after acknowledging that the applicable contract work was "100% complete," certified payment in the amount of $258,993 on December 2, 2003. Despite this acknowledgment, the contracting officer wrote upon the Certificate of Payment that she was "Withholding $25,000 pending final calculation of a request for adjustment [by Sarang] including late penalty." Amended Compl., Attach. A. As of December 2, 2003, therefore, a disputed balance of $25,000.00 remained to be paid by the Forest Service out of the original claim filed by Sarang for $283,993.00. The Forest

Service eventually reached a settlement agreement with Sarang on October 14, 2005 that effectively nullified any claim by the Government for the aforementioned "adjustment;" yet it refused to remit payment on the $25,000.00 until after Sarang had filed its complaint on October 13, 2006, more than a year later.

Sarang's position is that CDA interest began to accrue upon the $25,000.00 claim on December 2, 2003, the date upon which the contracting officer certified this amount as owed to Sarang. Furthermore, PPA interest began to accrue on the $25,000.00 on November 13, 2005, thirty (30) days after the contracting officer executed a settlement agreement with Sarang under which all prior Forest Service claims regarding possible contractual adjustments in favor of the Government were effectively extinguished.[1]

This Court has jurisdiction over Sarang's claims regarding the $25,000.00 because the Forest Service breached its duty to remit timely payment once it accepted and certified Sarang's claim, then subsequently entered into a settlement agreement with Sarang. There is simply no requirement under either the PPA or CDA (through which a PPA claim may be filed pursuant to 31 U.S.C. § 3907(a)) that the Forest Service's partial payment on the original claim of $283,993.00 should trigger an obligation upon Sarang to file a whole new separate claim for payment of the $25,000.00 balance. Indeed, such a requirement would fly in the face of the Government's general policy encouraging the quick resolution of claims under the FAR. *See,* FAR Subpart 33.204.

As stated earlier, the Forest Service's breach of its obligation to pay on the amounts to which it agreed in its final decisions opens the door for this Court to exercise

[1] There is currently a disagreement between the parties regarding the specific way in which any interest owed should be calculated. Plaintiff acknowledges disagreement, and plans to offer revised interest calculations once the questions of jurisdiction and entitlement are resolved.

its Tucker Act jurisdiction in fairly addressing the interest requirements of the CDA and the PPA. The Forest Service's CDA and PPA responsibilities arose from the original contract executed with Sarang for construction work, not from the settlement agreement. On this note, Sarang disagrees with the Government's treatment of the settlement agreement as a stand-alone agreement separate and apart from the original contract for construction services. The settlement agreement falls squarely under the original contract, and serves merely to facilitate the terms of final payment and contract release. For this reason, the Government cannot escape the CDA and PPA obligations to which it committed itself under the original contract.

## IV. Sarang is Entitled to Interest Upon the $50,886.00 Payment Because the Settlement Agreement that it Executed with the Forest Service Constituted a Final Decision on Its Claim, and Also Because the Government Failed in its Contractual Obligation to Remit this Amount in a Timely Manner After Agreeing to the Settlement Agreement.

The defendant asserts a series of arguments as to why Sarang is not entitled to interest upon the $50,886.00 settlement:

A. The CDA does not apply because Sarang failed to submit a claim for payment on the settlement agreement;

B. The Settlement Agreement is not subject to the CDA;

C. Sarang is Not Entitled to Interest under FAR § 33.208;

D. Sarang in Not Entitled to Interest Pursuant to the PPA; and

E. Sarang is Not Entitled to Interest Pursuant to the Settlement Agreement.

Each of these arguments offered by the defendant turns around the same erroneous premise: that the settlement agreement should be treated as a stand-alone document negotiated without regard to the underlying construction contract upon which Sarang originally filed its $198,263.00 claim for payment with the Forest Service.

It has been Sarang's position all along that its letter to Forest Service dated June 25, 2003 constituted a claim under its contract for a specific amount of $198,263.00. The Forest Service certainly treated the letter as a claim; this fact is evidenced by the contracting officer's response to Sarang via letter dated July 19, 2005 in which she acknowledged receipt of Sarang's "certified claim." Amended Compl., Attach. B. The contracting officer's letter went on dispute the claim and to propose the very terms which formed the basis of the settlement agreement executed between Sarang and the Forest Service on October 14, 2005.

Contrary to the defendant's position, therefore, the CDA and PPA apply in regard to the $50,886.00 amount because there was in fact a claim submitted by Sarang to the Forest Service which resulted in a dispute. Furthermore, once Sarang and the Forest Service reached their settlement agreement, the CDA requirement for a final agency decision was met. This triggered the interest requirements of the CDA and PPA in accordance with the regulations under FAR Subparts 33.2 and 32.9, respectively, thereby entitling Sarang to claim interest and penalty interest on late payments.[2]

[2] See footnote 1.

## V. **<u>Defendant's Assertion that this Court Can Reach No "Found Due" Amount Under the CDA is Erroneous</u>**

Defendant devotes a considerable amount of time in its motion to discussing the "found due" requirement under 41 U.S.C. § 611. *See,* Motion to Dismiss, at 7, 11-12. Specifically, defendant appears to assert that because Sarang's amended complaint acknowledged the original claims of $25,000.00 and $50,886.00 as having been paid, this Court has no jurisdiction upon which to address the accompanying claims for interest. This assertion appears to assume that the amended complaint superseded the original complaint in its entirety.

It was not Sarang's intent to have the amended complaint supersede the original complaint. The amended complaint was filed only to set forth events that had occurred since the original filing which rendered the $25,000.00 and $50,886.00 claims in the original complaint as resolved matters. To the extent that there might be a misunderstanding on this matter, Sarang hereby requests the Court treat the original complaint as incorporated into the amended complaint.

At its root, the Government's "found due" argument effectively proposes the notion that Sarang's claims for interest should be dismissed simply because the Forest Service rushed to remit payment on the underlying $25,000.00 and $50,886.00 amounts after the original complaint was filed. The Government fails to acknowledge that the purpose of Sarang's request for a declaratory judgment (as filed in the amended complaint) amounts specifically to a request for this Court to determine plaintiff's underlying claims as "found due" in order to enable appropriate focus on the remaining matter of Sarang's interest claims.

## VI. Conclusion

It would be a significant waste of time and resources to require Sarang to go back to the Forest Service with separate claims on interest when those claims fell well within this Court's jurisdiction at the time of the original complaint by reason of the Government failure to remit payment on the underlying claims for $25,000.00 and $50,886.00. As demonstrated earlier, Sarang's original complaint was for balances on underlying claims originally submitted to, and disputed by, the Forest Service, for $283,993.00 and $198,263.00, respectively. As further demonstrated, the contracting officer eventually issued a final decision on each underlying claim in accordance with the CDA's implementing regulations in the FAR, which are in turn incorporated by reference into Sarang's contract for construction services with the Forest Service.

Since the Forest Service failed to remit timely payment on the amounts it promised in its final decisions, the Tucker Act now permits this Court to step in to address the Government's contractual breach. For the foregoing reasons, defendant respectfully requests this Court to deny defendant's motion to dismiss.

Respectfully submitted,

s/ J. Cobbie de Graft

J. Cobbie de Graft, Esq.
Counsel for the Plaintiff

Phone (703) 726-0197
Fax (703) 726-0198

Date: February 19, 2007