IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARANG CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-506C<br>(Judge Braden) |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**AMENDED RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The complaint submitted by Sarang Corporation ("Sarang") in this matter alleges that the Government is liable for interest on $75,886 because of its delay in making payments pursuant to a settlement agreement and invoice submitted by Sarang. In our motion to dismiss, we established that Sarang is not entitled to interest upon either the $25,000 withheld from the final payment pursuant to the contract or the $50,886 settlement amount. We demonstrated that Sarang did not submit a claim to the contracting officer with respect to the interest amounts it seeks in its complaint, or with respect to the principal amounts upon which interest is alleged to have accrued and, therefore, this Court lacks jurisdiction to consider its claims pursuant to the Contract Disputes Act ("CDA") and the Prompt Payment Act ("PPA"). In addition, we demonstrated that Sarang has failed to satisfy the conditions for a claim of interest pursuant to the CDA and PPA and their implementing regulations. Moreover, Sarang's complaint does not seek a money judgment with respect to any

principal amount; thus, no amount upon which interest may be based will be "found due" for purposes of the CDA and FAR provisions providing for the payment of interest. Finally, we established that the settlement agreement is not subject to the CDA, FAR, PPA, or the regulations cited by Sarang, and is not, therefore, subject to the interest provisions of those statutes or regulations. For these reasons, Sarang's complaint must be dismissed.

The arguments raised by Sarang in its response to our motion to dismiss, however, are either irrelevant to the issues we raised in our motion to dismiss or are entirely without support.

First, Sarang incorrectly asserts that we have argued that the Court generally lacks jurisdiction to consider claims for interest. Pl. Resp. 2-3. This simply is not the case. Rather, we maintain that the Court does not possess jurisdiction to consider Sarang's complaint because Sarang has, by failing to submit a claim to the contracting officer, not complied with the administrative exhaustion requirements of the CDA, and has not otherwise satisfied the statutory prerequisites for the payment of interest pursuant to either the CDA or the PPA.

Next, in response to our argument that the settlement agreement is not subject to the interest provisions of the CDA or the PPA, Sarang contends that it is entitled to interest pursuant to the CDA and the PPA because the contracting officer derived

her authority to settle the case pursuant to the FAR. Pl. Resp. 3-4. Sarang fails to explain, however, why the source of the contracting officer's authority provides a basis for application of the CDA or PPA interest provisions. Sarang provides no legal support for its argument. Moreover, this argument is not responsive to our contention that the CDA and PPA interest provisions apply only to contracts for the provision of property or services. Def. Mot. 10-12. Thus, Sarang has failed to demonstrate that the settlement agreement is subject to the interest provisions of the CDA or PPA.

Sarang also contends that, with respect to the $25,000 amount, it satisfied the requirement pursuant to 41 U.S.C. § 605 to submit a claim to the contracting officer by submitting an invoice in the amount of $283,993 for work completed. In order to satisfy section 605, however, the demand for payment must be "non-routine." ATK Thiokol v. United States, 72 Fed. Cl. 306, 314 (2006). Sarang has not alleged facts that, if proven, would establish that its invoice was anything other than a routine request for payment for services rendered. Sarang's submission of an invoice for work completed, therefore, does not satisfy Section 605 and is not sufficient to confer jurisdiction upon this Court to consider its $25,000 claim.

Next, Sarang argues that CDA interest began to accrue on December 3, 2003 upon the contracting officer's certification of

the amount owed to Sarang. Pl. Resp. 5. Sarang provides no basis or legal authority to support this statement. CDA interest accrues from the date a claim is filed with the contracting officer. 41 U.S.C. § 611. As explained above and in our moving brief, Sarang has not submitted a claim. Thus, interest has not accrued pursuant to the CDA.

In the same paragraph, Sarang claims that it is entitled to interest pursuant to the PPA as of November 13, 2005, 30 days after the execution of the settlement agreement. Pl. Resp. 5. Again, however, Sarang cites no authority for this contention. Moreover, PPA interest stops accruing upon the filing of a claim with the contracting officer. 31 U.S.C. § 3907(b)(1)(a). If Sarang is correct that it submitted a claim to the contracting officer on December 3, 2003, then PPA interest ceased accruing before it began to accrue. If it is not correct that its December 3, 2003 invoice constitutes a "claim," then, of course, this Court does not possess jurisdiction.

Sarang also argues that its claim submitted with respect to its assertion of additional work in the amount of $198,263 is sufficient to give this Court jurisdiction with respect to its dispute pursuant to the settlement agreement. Pl. Resp. 7. It offers no support, however, for this novel incorporation theory. Nor is there any basis for Sarang's assertion that the settlement agreement constitutes a final decision by the contracting

officer. Id. Sarang's claim for interest is founded upon an alleged late payment pursuant to the settlement agreement, and it claims interest with respect to the settlement amount only. Amend. Compl. ¶ 10. Moreover, the settlement agreement was executed independent of the original contract; that is, the settlement was not executed as a bilateral modification to the original contract. Thus, the dispute arises pursuant to the settlement agreement and, assuming for present purposes that the settlement agreement is subject to the CDA, then a claim must be submitted to the contracting officer with respect to the dispute under the settlement agreement. 41 U.S.C. § 605(a). In any event, the settlement agreement does not provide for the provision of property or services, and therefore is not subject to the CDA or the PPA.

Finally, Sarang requests, to the extent that "there might be a misunderstanding" on the issue of whether its amended complaint supersedes its initial complaint, that the Court should incorporate Sarang's initial complaint into its amended complaint. Pl. Resp. 8. The Court should deny this request. Sarang's amended complaint does, in fact, supercede its initial complaint. Jet, Inc. V. Sewage Aeration Sys., 223 F.3d 1360, 1365 (Fed. Cir. 2000) (" 'A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs

any function in the case ....,’ ” (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Federal Practice and Procedure § 1476 (2d ed. 1990))). Sarang’s request to incorporate its pleadings is unsupported by citation to the Court’s rules or precedent and is without any explanation of how Sarang expects the Court to reform its pleadings. We note that the request amounts to a tacit acknowledgment by Sarang that its amended complaint does not state a claim for interest.

**CONCLUSION**

For the foregoing reasons and the reasons stated in defendant’s motion to dismiss, defendant respectfully request that the Court dismiss Sarang's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel.: (202) 307-0282

Attorneys for Defendant

April 18, 2007

CERTIFICATE OF FILING

I hereby certify that on this 18th day of April, 2007, a copy of the foregoing "DEFENDANT’S REPLY TO PLAINTIFF’S RESPONSE TO DEFENDANT’S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler