USDA United States Department of Agriculture | Forest Service | Washington Office | 1400 Independence Avenue, SW Washington, DC 20250

File Code: 6320
Date: October 16, 2007

J. Cobbie de Graft , Esq.
Worldgate Plaza
12801 Worldgate Drive, Suite 500
Herndon, VA 20170

Dear Mr. de Graft,

I am in receipt of your claim dated August 17, 2007, for prompt payment interest on behalf of Sarang Corporation (Sarang). The interest is claimed as a result of the settlement proposal between the Forest Service and Sarang on Contract Number 50-3434-1-1524 for the Midewin Administrative Site. Your claim has been agreed to, in part, and denied, in part, as explained in detail below.

Claim No. 1: Prompt Payment Act (PPA) Penalty Interest on $25,000.00: $2,037.08

This claim included additional penalty interest in the amount of $1,084.54, which is denied. Pursuant to 5 C.F.R. § 1315.11(a)(3), a vendor is entitled to additional penalties under the PPA only if the vendor requests such penalties in writing "by the 40th day after payment was made." Sarang made no such request until it submitted the instant claim on August 17, 2007. In order to be entitled to the additional penalty interest, Sarang must have asked for it in writing within 40 days of July 21, 2006.

The Forest Service also denies the remainder of this claim to the extent that it seeks PPA penalty interest dating from January 1, 2004. The correct date due is December 1, 2005. That date is 30 days after the Forest Service accepted Sarang's invoice by executing the parties' settlement agreement on October 31, 2005. Until that time, the $25,000.00 amount was in dispute, so the PPA did not apply. The Forest Service agrees to pay interest from December 1, 2005 through July 21, 2006; i.e., 232 days. The amount is $734.25 based on the interest rate in effect in December 2005 of 4.5% and the time of 7 months, 22 days.

Claim No. 2: PPA Penalty Interest on $50,886.00: $3,539.40

This claim seeks PPA interest on the amount the Forest Service agreed to pay in order to settle Sarang's request for an equitable adjustment. The relevant section of the PPA states as follows: "Under regulations prescribed under section 3903 of this title, the head of an agency acquiring property or service from a business concern, who does not pay the concern <u>for each complete delivered item of property or service</u> by the required payment date, shall pay an interest penalty to the concern on the amount of the payment due." 31 U.S.C. § 3902(a).

Section 3902(a) of the PPA does not apply to the payment due Sarang pursuant to its settlement agreement with the Forest Service. The payment was not for any "complete delivered item[s] of property or service," but rather, for the purpose of resolving a dispute between the parties. Therefore, the Forest Service denies this claim for PPA interest in its entirety.

The denial of Claim No. 2 is not in keeping with the expectation of the Court of Federal Claims, stated in *Sarang Corporation v. United States*, that the Forest Service "will promptly pay the amount due." The Forest Service maintains the legal argument that the PPA does not apply to payments due under settlement agreements such as the one at issue here.

Finally, even if the settlement agreement were subject to the PPA, the Forest Service would deny the portion of this claim that included additional penalty interest in the amount of $1,769.70. Pursuant to 5 C.F.R. § 1315.11(a)(3), a vendor is entitled to additional penalties under the PPA only if the vendor requests such penalties in writing "by the 40th day after payment was made." Sarang made no such request until it submitted the instant claim on August 17, 2007. In order to be entitled to the additional penalty interest, Sarang must have asked for it in writing within 40 days of August 15, 2006.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

If you have any questions or concerns you may contact me at USDA, Forest Service; ATTN: Mary E. Saint Louis; 1621 North Kent Street, Suite 707 RPE; Arlington, VA 22209-2132. Alternatively, you may contact me via e-mail at msaintlouis@fs.fed.us, phone at 703/605-5309, or fax at 703/605-5100.

Sincerely,

M. Saint Louis

MARY E. SAINT LOUIS
Contracting Officer

Cc: Bineet Sarang, Sarang Corporation

Elin M. Dugan, Esq., USDA, Office of General Counsel

Richard E. Chandler, Esq., Department of Justice