IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARANG CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-506C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first and second sentences of paragraph 1 of Sarang Corporation's ("Sarang") complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 1 of Sarang's complaint. Admits the allegations in the fourth sentence of paragraph 1 of Sarang's complaint that the Forest Service paid Sarang $50,886 and that the Forest Service did not pay interest on that amount. The allegation contained in fourth sentence of paragraph 1 of Sarang's complaint that interest is due pursuant to the Prompt Payment Act constitutes a conclusion of law, to which no answer is required; to the extent it is deemed to be an allegation of fact, it is denied. Admits the allegations contained in the fifth sentence of paragraph 1 of Sarang's complaint. The allegations contained in the sixth sentence of paragraph 1 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

2. Admits the allegations contained in the first, second and third sentences of paragraph 2 of Sarang's complaint. The allegations contained in the fourth sentence of paragraph 2 of

Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies that the Forest Service is the defendant in this action; admits the remainder of the allegations contained in the first sentence of paragraph 5. Admits the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in the first, second and third sentences of paragraph 6. Denies the allegations contained in the fourth sentences of paragraph 6. The allegations contained in the fifth sentence of paragraph 6 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

7. The allegations contained in the first sentence of paragraph 7 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 7. The allegations contained in the fourth sentence of paragraph 7 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

8. The allegations contained in the first sentence of paragraph 8 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are

deemed to be allegations of fact, they are denied. Admits that the Forest Service paid Sarang the amounts stated in the second sentence of paragraph 8. The remaining allegations contained in the second sentence of paragraph 8 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 8 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

9. The allegations contained in the paragraph 9 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

10. Admits the allegations contained in the first and second sentences of paragraph 10. The allegations contained in the third sentence of paragraph 10 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied. Admits the allegations contained in the fourth and fifth sentences of paragraph 10.

11. The allegations contained in paragraph 11 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

12. The allegations contained in paragraph 12 of Sarang's complaint constitute characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

13. The allegations contained in paragraph 13 of Sarang's complaint constitute

conclusions of law, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

14. The allegations contained in the paragraph 14 of Sarang's complaint constitute conclusions of law and characterizations of its case, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

15. The allegations contained in the paragraph 15 of Sarang's complaint constitute conclusions of law, to which no answer is required; to the extent they are deemed to be allegations of fact, they are denied.

16. Denies that plaintiff is entitled to the relief set forth in the prayer for relief, or to any relief whatsoever.

17. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER

Trial attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel.: (202) 307-0282

Attorneys for Defendant

February 19, 2008

CERTIFICATE OF FILING

I hereby certify that on this 19th day of February, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler