IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARANG CORPORATION<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-506 C<br>(Judge Braden) |

**JOINT PRELIMINARY STATUS REPORT**

The parties hereby submit their Joint Preliminary Status Report ("JPSR") in this matter.

**(a)** Does the court have jurisdiction over the action?

Plaintiff states the Court has jurisdiction over this action under the Contract Disputes Act ("CDA"), 41 U.S.C. § 601-13, and the Prompt Payment Act, 31 U.S.C. § 3907(a). Defendant states that the Court does not have jurisdiction over this matter.

**(b)** Should the case be consolidated with any other case and, if so, why?

The case should not be consolidated with any other case.

**(c)** Should trial of liability and damages be bifurcated and, if so, why?

The trial of liability and damages should not be bifurcated.

**(d)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

Plaintiff states that no related litigation is currently pending.

Defendant is not aware of any related litigation pending before this or any other tribunal at this time, but reserves its right to request a stay of the proceedings in this case should defendant later become aware of any related litigation.

**(e)** In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No remand or suspension will be sought.

**(f)** Will additional parties be joined? If so, the parties shall provide a statement describing parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

The parties are not aware of any facts that would necessitate the joinder of additional parties at this time.

**(g)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiff intends to file a motion pursuant to RCFC 12(c). Defendant believes that this matter cannot be decided in plaintiff's favor on such a motion. Defendant intends to file a motion to dismiss this action. In addition, each of the parties intends to file a motion for summary judgment, if necessary. For schedule, see response in section l.

**(h)** What are the relevant factual and legal issues?

1. Whether the Court has jurisdiction to decide this matter.
2. Whether the Forest Service approved the invoice upon which plaintiff claims it is entitled to interest.
3. Whether plaintiff is entitled to interest pursuant to the Prompt Payment Act on the amount paid by the Forest Service pursuant to settlement agreement between parties.
4. Although plaintiff has not yet moved for attorneys fees, it intends to do so if it is the prevailing party in this action. The question of whether plaintiff is

entitled to recover costs and attorneys fees may therefore also be an issue in this case.

**(i)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties state that they are open to the prospect of settlement. Defendant wishes to point out, however, that it has, in light of the Court's prior decision in this matter, made several attempts to settle on terms very favorable to the plaintiff. Plaintiff does not view defendant's attempts to settle as reasonable.

**(j)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

The parties do not anticipate this matter may proceed to trial.

**(k)** Are there special issues regarding electronic case management needs?

There are no special electronic case management needs or issues in this matter.

**(l)** Is there other information of which the court should be aware at this time?

Pursuant to Paragraph 5 of Appendix A, the parties propose the following discovery plan and schedule for dispositive motions:

| | |
|---|---|
| Plaintiff's RCFC 12(c) motion | June 2, 2008 |
| Defendant's response and motion to dismiss | July 2, 2008 |
| Plaintiff's response and reply | July 16, 2008 |
| Defendant's reply | July 30, 2008 |

Should the case proceed beyond the above schedule, defendant proposes to adopt the following schedule:

| | |
|---|---|
| Court's decision | T |
| Initial written discovery requests served | T + 30 days |

| | |
|---|---|
| Responses to initial written discovery requests served | T + 60 days |
| Close of Discovery | T + 90 days |
| Plaintiff's Dispositive Motion | T + 120 days |
| Defendant's Opposition and Cross Motion | T + 150 days |
| Plaintiff's Opposition to Cross Motion | T + 164 days |
| Defendant's Reply | T + 178 days |

Respectfully submitted,

s/ J. Cobbie DeGraft
J. COBBIE DEGRAFT
Law Offices of J. Cobbie DeGraft
12801 Worldgate Drive
Suite 500
Herndon, Virginia 20170

Counsel for Plaintiff

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

May 2, 2008

Attorneys for Defendant