**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SARANG CORPORATION | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 06-506 C |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This is an action under the Prompt Payment Act ("PPA"), 31 U.S. C. § 3907(a), and the Contract Disputes Act ("CDA"), 41 U.S.C. 609(a), to demand the remittance of late payment interest on payments made by the United States Department of Agriculture Forest Service ("Forest Service") to the Plaintiff under Contract No. 503434-1-1524 ("Contract") for the performance of construction-related work at the Midewin National Tallgrass Prairie Administrative Site in Will County, Illinois. Plaintiff seeks entry of judgment on the pleadings ordering the Forest Service to remit $734.25 on Claim #1 and $1,769.70 on Claim #2 as presented in the Second Amended Complaint filed on January 31, 2008.

## I. BACKGROUND

On May 11, 2002, Plaintiff entered into Contract No. 50-3434-1-1524 with the United States Department of Agriculture Forest Service ("Forest Service" or "Government") to perform certain construction-related services. On March 17, 2003, Plaintiff submitted an Application for Payment to the Forest Service for payment on work performed in the amount of $258,993.00. On June 25, 2003, Plaintiff submitted a

separate Request for Equitable Adjustment to the Forest Service in the amount of $198,263.00 for work performed outside the scope of the Contract at the direction of the Forest Service's Contracting Officer's Representative ("COR"). On November 19,2003, the final punchlist process on the Contract was successfully completed on the contract. On December 2, 2003, the Forest Service signed a Certificate of Payment entitling Plaintiff to payment in the amount of $258,993.00, but withheld the release of $25,000.00 pending "final calculation" of Plaintiff's June 25, 2003 Request for Equitable Adjustment. The Forest Service's Contracting Officer ("CO") wrote the following on the Certificate of Payment: *"Work is 100% complete. Withholding of $25,000 pending final calculation of request for adjustment including late penalty."*

On July 19, 2005, the CO issued a letter rejecting Plaintiff's June 25, 2003 claim, but presenting a settlement offer in the amount of $50,886.00. On October 14, 2005, Plaintiff entered into a Settlement Agreement with the Forest Service for the proposed settlement amount of $50,886.00 as "full accord and satisfaction" of its Request for Equitable Adjustment. The Forest Service, however, did not remit the settlement amount of $50,886.00; nor did it release payment of the $25,000.00 balance withheld earlier under the December 2, 2003 Certificate of Payment.

On July 7, 2006, Plaintiff filed a Complaint in the United States Court of Federal Claims seeking payment of the $25,000.00 withheld under the December 2, 2003 Certificate of Payment, as well as the $50,886.00 agreed upon under the October 14, 2005 Settlement Agreement. In addition, Plaintiff's Complaint requested penalty interest pursuant to the PPA, as well as attorneys fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

On July 21, 2006, the Forest Service paid Plaintiff $25,000.00 for the balance due under the Contract in accordance with the June 25, 2003 Certificate of Payment. On August 15, 2006, the Forest Service paid Plaintiff $50,886.00 on the October 14, 2005 Settlement Agreement. However, the Forest Service did not remit any payments for late payment interest as demanded by Plaintiff in its Complaint. On October 13, 2006, Plaintiff filed and Amended Complaint seeking a declaratory judgment that the Forest Service's payments to Plaintiff were "late" as defined by the PPA. The Amended Complaint further demanded late payment interest in the amount of $2,683.00 on the $25,000.00 payment, as well as late payment interest in the amount of $1,756.55 on the $50,886.00 payment.

On January 8, 2007, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. On February 15, 2007, Plaintiff filed its response to the Government's Motion. On February 20, 2007, Plaintiff filed a Motion to Correct the Response that the Court granted. On March 5, 2007, Plaintiff filed its Corrected Response. On April 18, 2007, the Government filed its Reply, and on May 25, 2007, the Court issued a Memorandum Opinion and Order on the Case. Sarang Corp. v. U.S., 76 Fed. Cl. 560 (2007).

The Court Opinion stayed the case in order to permit the Plaintiff to file a claim and receive a final decision from the Forest Service on the matter of PPA interest. On August 17, 2007, Plaintiff filed a claim letter pursuant to 5 CFR § 1315.10(a) and § 1315.17(c) with the Forest Service demanding late payment interest on the $25,000.00 payment of July 21, 2006 ("Claim #1"), as well as late payment interest on the $50,000.00 payment of August 15, 2006 ("Claim #2"). Plaintiff also demanded

additional penalty for each claim pursuant to 5 CFR § 1315.11(c). On October 16, 2007, the Forest issued a final decision on Plaintiff's claims. The Forest Service awarded late payment interest in the amount of $734.25 on Claim #1, but failed to make payment on this decision to Plaintiff. The Forest Service denied late payment interest entirely on Claim #2, as well as Plaintiff's claim for additional penalty payments.

On January 31, 2008, Plaintiff filed a Second Amended Complaint with the Court in accordance with RCFC 15(a) demanding payment by the Forest Service of the $734.25 awarded on Claim #1 and further demanding payment of $1,769.70 on Claim #2. On February 19, 2008, Defendant filed its Answer to Plaintiff's Second Amended Complaint.

## II. ARGUMENT

### A. THIS COURT SHOULD ORDER DEFENDANT TO PAY PLAINTIFF ON CLAIM #1 BY ENTERING JUDGMENT ON THE PLEADINGS

Plaintiff filed its March 17, 2003 Application for Payment for $258,993.00 with the Forest Service pursuant to Federal Acquisition Regulation ("FAR") § 32.905. The Forest Service accepted the Application on December 2, 2003 after the final punchlist process was completed on November 19, 2003. However, the Forest Service withheld $25,000.00 from final payment pending resolution of Plaintiff's separate Request for Equitable Adjustment as filed on June 25, 2003. Upon resolution of Plaintiff's Request for Equitable Adjustment by Settlement Agreement on October 14, 2005, the Forest Service's obligation to issue timely payment on the $25,000.00 was triggered pursuant to FAR § 32.904(d)(1)(iii), which states as follows:

> [For construction contracts], The due date for final payments based on completion and acceptance of all work (including any retained amounts), and payments for partial deliveries that have been accepted by the Government (e.g., each separate building, public

> work, or other division of the contract for which the price is stated separately in the contract) is as follows:
>
> (A) The later of the following two events:
>
> (1) The 30th day after the designated billing office receives a proper invoice from the contractor.
>
> (2) The 30th day after Government acceptance of the work or services completed by the contractor. For a final invoice, when the payment amount is subject to contract settlement actions (e.g., release of contractor claims), acceptance is deemed to occur on the effective date of the contract settlement.

It is important to note that the above FAR provision implements the requirements of the PPA, 5 CFR Part 1315, by reference under FAR § 32.900. 5 CFR § 1315.10(b)(2) requires the Forest Service to issue late payment interest without regard to whether the contractor has requested such payment. Nevertheless, once Plaintiff filed its claim with the Forest Service, and the Forest Service issued a final decision on October 16, 2007, there remained no question thereafter as to the Forest Service's obligation to make timely payment.

The Government admits in its Answer that the Forest Service awarded late payment interest to Plaintiff in the amount of $734.25 in its final decision letter of October 16, 2007. Answer ¶ 10. Furthermore, the Government has failed to offer any defenses for why payment has not yet been made on this award. This Court should therefore enter judgment on the pleadings and order the Forest Service to make payment as soon as possible.

**B. THIS COURT SHOULD ORDER DEFENDANT TO PAY DEFENDANT ON CLAIM #2 BY ENTERING JUDGMENT ON THE PLEADINGS**

Plaintiff submitted its June 25, 2003 Request for Equitable Adjustment to the Forest Service in the amount of $198,263.00 for work performed outside the scope of the

Contract at the direction of the COR. The final punchlist process on the Contract was successfully completed on November 19, 2003. On July 19, 2005, the CO issued a letter rejecting Plaintiff's June 25, 2003 claim, but presenting a settlement offer in the amount of $50,886.00. On October 14, 2005, Plaintiff entered into a Settlement Agreement with the Forest Service for the proposed settlement amount of $50,886.00 as "full accord and satisfaction" of its Request for Equitable Adjustment. The Forest Service's obligation to issue timely payment on the $50,886.00 was therefore triggered on October 14, 2005 pursuant to FAR § 32.904(d).

The Forest Service took the position in its final decision of October 16, 2007 that:

> Section 3902(a) of the PPA does not apply to the payment due [Plaintiff] pursuant to its settlement agreement with the Forest Service. The payment was not for any "complete delivered item[s] of property or service," but rather, for the purpose of resolving a dispute between the parties. Therefore, the Forest Service denies this claim for PPA interest [on the $50,886.00 payment] in its entirety.

It is important to note, however, that FAR § 32.904(d)(1)(iii)(A)(2) makes specific reference to "contract settlement actions" as falling under the requirements for late penalty payments under the PPA (*cf*., FAR § 32.900) . This provision specifically cites a "release of contractor claims" as an example of the kind of contract settlement actions tp which it is referring. Plaintiff's Settlement Agreement with the Forest Service amounted to a release of contractor claim, and is therefore well within the purview of the types of agreements contemplated by FAR § 32.904(d)(1)(iii)(A)(2).

The requirement under 5 CFR § 1315.10(b)(2) for the Forest Service to issue late payment interest is therefore no less diminished by the fact that the amount due to Plaintiff arises by Settlement Agreement rather than through an Application for Payment.

FAR § 33.210, furthermore, reiterates this principle of law by granting government agency CO's the authority to decide or resolve all claims "arising under or relating to a contract" subject to the CDA. The Settlement Agreement may fall within the four corners of the original Contract as executed between the Plaintiff and the Forest Service on May 11, 2002 , but it unquestionably relates to the original Contract, and indeed arises only by reason of the original Contract. Therefore, once Plaintiff filed its claim with the Forest Service, and the Forest Service had no basis issuing a denial, as it did on October 16, 2007.

The Government pleads no justification for the Forest Service's decision despite Plaintiff's clear statement of its claim in its Second Amended Complaint.

## III. CONCLUSION

Defendant's Answer to the Second Amended Complaint concedes the core elements of Plaintiff's claims, but fails to plead any defenses that would justify the Forest Service's failure to award late payment interest on Claim #s 1 and 2. Since no matters are presented here that fall outside the pleadings to date, the Court should enter judgment on the pleadings and order the Forest Service to issue payment on Plaintiff's claims as demanded.

Respectfully submitted,

s/ J. Cobbie de Graft

J. Cobbie de Graft, Esq.
Counsel for the Plaintiff

Phone (703) 726-0197
Fax (703) 726-0198

Date: June 2, 2008