IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARANG CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-506C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S MOTION TO DISMISS**

Defendant respectfully submits this response to plaintiff's motion for judgment on the pleadings and motion to dismiss, pursuant to Rule 7 of the United States Court of Federal Claims ("RCFC"). Defendant moves to dismiss plaintiff's complaint upon the grounds that the Court does not possess jurisdiction to consider the claims in the complaint. In support of our motion, we rely upon plaintiff's pleadings and this brief.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

According to the complaint, the plaintiff, Sarang Corporation ("Sarang") and the United States Department of Agriculture Forest Service ("Forest Service" or "agency") entered into a contract for Sarang to perform construction services on May 11, 2001. Compl. ¶ 6.[1] On June 25, 2003, Sarang submitted a claim to the contracting officer for $198,263, alleging that it had performed work outside the scope of the contract as a result of changes directed by the Forest Service. Compl. ¶ 7. Sarang completed work on the contract on November 19, 2003 and was paid by the Forest Service for its work. Compl. ¶ 6. The Forest Service withheld $25,000 from

[1] References to "Compl. __" are to Sarang's Second Amended Complaint, filed January 31, 2008.

its payment, however, because of the continuing dispute regarding Sarang's claim for payment for the "extra work." Compl. ¶ 6.

On October 14, 2005 the parties entered a settlement agreement (the "Settlement Agreement") with respect to Sarang's claim for payment for the extra work. Compl. ¶ 7, Attachment B. Pursuant to the Settlement Agreement, the Forest Service agreed to pay Sarang $50,886, and Sarang agreed to accept that amount as "full accord and satisfaction of all amounts to which Sarang Corporation is entitled to in payment [for its claim under the contract]." Compl. Attachment B. The Forest Service did not immediately remit payment under the Settlement Agreement or for the $25,000 balance claimed by Sarang on the contract. Compl. ¶ 8.

On July 7, 2006, Sarang filed its complaint in this court seeking payment of the settlement amount and the $25,000 the Forest Service withheld from the final payment upon the contract. Compl. ¶ 8. After Sarang filed its complaint, the Forest Service remitted to Sarang $50,886 pursuant to the Settlement Agreement and the $25,000 balance Sarang claimed upon the contract. Compl. ¶ 8.

Sarang then filed an amended complaint on October 13, 2006. Compl. ¶ 8. Its amended complaint sought (i) a declaratory judgment that the payments made by the Forest Service are "late payments" as defined by the Prompt Payment Act, 31 U.S.C. § 3901, et seq., (ii) interest from November 13, 2005 to August 15, 2006 upon the $50,886 settlement amount and (iii) interest from January 1, 2004 to July 21, 2006 upon the $25,000 payment. Amended Compl., Prayer for Relief. The Government moved to dismiss the amended complaint.

On May 25, 2007, this Court issued a memorandum opinion and order holding that it lacked jurisdiction to consider Sarang's interest claims because Sarang had not submitted a claim

for interest to the contracting officer as required by 41 U.S.C. § 605. Sarang Corp. V. United States, 76 Fed. Cl. 560 (2007). Moreover, the Court noted that Sarang's claim for interest pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 611, was effectively moot. CDA interest, as the Court pointed out, runs from the date the claim is submitted to the contracting officer. Thus, in order to accrue interest under the CDA, Sarang would have to submit a claim; it could no longer do this, however, because the principal amounts already had been paid by the Forest Service. The Court therefore dismissed Sarang's CDA interest claims.

With respect to Sarang's claims pursuant to the Prompt Payment Act ("PPA"), the Court similarly determined that it did not have jurisdiction to consider those claims. Again, the reason was that Sarang had not submitted a claim for interest to the contracting officer as required by 41 U.S.C. § 605. Because the question of whether Sarang was entitled to PPA interest did not suffer from the same mootness problem that its CDA interest claim did, however, the Court stayed the case in order to give plaintiff an opportunity to submit a claim to the contracting officer for PPA interest.

Sarang submitted its claim to the contracting officer on August 15, 2007. Compl. ¶ 9. In her final decision, the contracting officer determined that Sarang was entitled to $734.25 in PPA interest on the $25,000 the Forest Service withheld from its final payment to Sarang. Compl. ¶ 10. The contracting officer concluded that Sarang was not, however, entitled to interest on the $50,866 settlement amount. Compl. ¶ 10.

On January 31, 2008, Sarang filed its Second Amended complaint, seeking (i) enforcement of the contracting officer's final decision with respect to the $734.25 in PPA interest, and (ii) $1,769 in PPA interest on the settlement amount.

## Summary of the Argument

This Court is without jurisdiction to consider Sarang's complaint. In its initial decision in this matter, the Court determined that it did not have jurisdiction to consider any of Sarang's claims. At that point, the Court was required to dismiss the complaint. Moreover, the purported corrective action taken by Sarang - the submission of a belated claim to the contracting officer - did not cure the initial jurisdictional defect. Not only does Sarang's assertion that it remedied the defect contradict the venerable principle that jurisdiction is determined at the time the complaint was filed, it also overlooks the fact that the contracting officer did not have authority to take action on Sarang's claim because the Department of Justice had exclusive authority to act in this litigation pursuant to 28 U.S.C. § 516.

## ARGUMENT

### I. Standard of Review

It is well settled that this Court is one of limited jurisdiction. Bath Iron Works Corp. v. United States, 27 Fed. Cl. 114, 122 (1992), aff'd, 20 F.3d 1567 (Fed. Cir. 1994). Its authority to grant relief against the United States is limited by the extent to which the United States has waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 399, quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). "[I]n a Court of Claims context, that . . . waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed'." Id. at 399, quoting United States v. King, 395 U.S. 1, 4 (1969). In the case of interest, it may not be recovered from the Government in the absence of an explicit

waiver of sovereign immunity separate from the general waiver of immunity to suit. Library of Congress v. Shaw, 478 U.S. 310, 314 (1986); Marathon Oil v. United States, 374 F.3d 1123, 1126-27 (Fed. Cir. 2004). Whether or not a separate waiver of sovereign immunity permitting the award of interest exists also determines the Court's jurisdiction to entertain such a claim. Zumerling v. Marsh, 783 F.2d 1032, 1034 (Fed. Cir. 1986).

In deciding a RCFC 12(b)(1) motion, "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1464 (Fed. Cir. 1997) (citations omitted). The same standard is applied to a motion for judgment on the pleadings. Peterson v. United States, 68 Fed. Cl. 773, 776 (2005). Where this Court's subject matter jurisdiction is placed in issue, the non-moving party bears the burden of establishing jurisdiction. J&E Salvage Co. v. United States, 37 Fed. Cl. 256, 260 (1997), aff'd, 152 F.3d 945 (Fed. Cir. 1998) (table). Moreover, in deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986).

## II. Sarang's Complaint Must Be Dismissed Because This Court Lacks Jurisdiction To Consider Sarang's Claims

### A. This Court Lacks Jurisdiction to Entertain Sarang's Claims Because The Court Lacked Authority To Stay This Case Pursuant To 41 U.S.C. § 605(c)(5)

In its decision of May 25, 2007, the Court determined that it did not have jurisdiction to consider any of Sarang's claims. Specifically, the Court stated:

> [T]he United States Court of Federal Claims does not have jurisdiction to adjudicate Plaintiff's claims for interest on the $25,000 withheld from the contract payment, because plaintiff did not submit a "claim" to and receive a "final decision" from the CO for the $25,000 amount or interest thereon.

Sarang, 76 Fed. Cl. at 567. With respect to Sarang's claim of interest on the $50,866 settlement amount, the Court stated:

> Although Plaintiff initially submitted a "certified claim" for $198,263 to the CO, Plaintiff made a business decision to abandon its claim and *agree* to the $50,866 settlement amount. Accordingly, before Plaintiff may bring suit in the United States Court of Federal Claims, it must submit a "claim"" to the CO with respect to a dispute arising out of the Settlement Agreement and then receive a "final decision."

Sarang, 76 Fed. Cl. at 568 (citations ommitted)(emphasis in original). Sarang's claims of interest on the $25,000 amount withheld and the $50,866 settlement amount represent the only claims in Sarang's complaint. Thus, in determining that it did not have jurisdiction to consider those claims, the Court effectively concluded that it did not have jurisdiction over the complaint.

The Court, therefore, was required to dismiss Sarang's complaint. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 95 (1998)

(citing Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). See also Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (citing 16 Moore § 106.66[1], pp. 106-88 to 106-89). Thus, the Court lacked jurisdiction to take any actions subsequent to its determination that it lacked jurisdisdiction.

In particular, the Court did not possess jurisdiction to stay this matter pursuant to 41 U.S.C. § 605(c)(5). That section reads:

> Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter. However, in the event an appeal or suit is so commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer.

41 U.S.C. § 605(c)(5). The second sentence of § 605(c)(5), i.e. the sentence that authorizes the Court to stay some proceedings, must be read together with the first sentence. The first sentence of § 605(c)(5) establishes that if the contracting officer fails to act on a claim for a period of 60 days, it is deemed denied and the contractor may file suit in this Court. Thus, when the second sentence refers to an appeal or suit "so commenced," it is referring to suits commenced following a deemed denial by the contracting officer.

Indeed, the United States Claims Court considered this issue in Tecom Industries, Inc. v. United States, 24 Cl. Ct. 611 (1991). After examining the language of § 605(c)(5), the Claims Court concluded that "[a] suit 'so commenced' pursuant to Section 605(c)(5) is one which is commenced *following* passage of 60 days after the submission of the claim to a contracting

officer without a decision, not a suit that is commenced *before* the claims are submitted to the contracting officer." Id. at 614 (emphasis in original). The Claims Court went on to hold that "[t]his court cannot stay action [sic] under section 605(c)(5) while the contracting officer assesses Tecom's claim, or proceed on a claim under the CDA in the absence of a decision or deemed denial of a claim, by the contracting officer." Id.

Moreover, even if Sarang's subsequent submission of its claims to the contracting officer was deemed to have corrected the jurisdictional defect (which, for the reasons stated in the following section, it did not), this "correction" is too late to give the Court jurisdiction with respect to this action, because jurisdiction is determined at the time the complaint is filed, not at the time the Court considers a motion to dismiss. Keene Corp. v. United States, 508 US 200, 207 (1993) ("In applying the jurisdictional bar here by looking to the facts existing when Keene filed each of its complaints, the Court of Federal Claims followed the longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'") (citing Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 69 (1987); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938); Minneapolis & St. Louis R. Co. v. Peoria & P.U. R. Co., 270 U.S. 580, 586 (1926); Mollan v. Torrance, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)).

**B. This Court Lacks Jurisdiction To Consider Sarang's Claims Because During the Stay, The Claims Remained "In Litigation" Within The Meaning of 28 U.S.C. § 516 And, Therefore, The Contracting Officer Was Without Authority to Render A Decision Regarding Sarang's Claims**

In its motion, Sarang states that it submitted a claim to the contracting officer on August 17, 2007. Sec. Am. Compl. ¶ 9. Sarang apparently has taken the view that its belated claim, combined with Forest Service's denial, creates jurisdiction for this Court to consider its claims.

By the time it filed its August 2007 claim, however, Sarang already had filed its complaint in this Court. The case was pending before the Court of Federal Claims at the time it submitted its claim to the contracting officer. Because "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation," Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993); see also Case, Inc. v. United States, 88 F.3d 1004, 1009 (Fed. Cir. 1996), the contracting officer lacked authority to act upon the claim. Thus, the claim could not be, and was not, denied by the contracting officer.

Section 516 of title 28 grants exclusive authority to the Department of Justice to act on matters in litigation, which "divests the contracting officer of his authority to issue a final decision on the claim." Sharman, 2 F.3d at 1571 (citation omitted); see also Case, 88 F.3d at 1009. When Sarang asserted claims for PPA interest in this Court by filing its complaint, therefore, it divested the contracting officer of the authority to issue a decision on those claims. See, e.g., Roxco, Ltd. v. United States, 77 Fed. Cl. 138, 148-49 (2007) ("the CO was divested of authority to rule on plaintiff's supplemental claim because the claim was pending before this court.") (citing Sharman, 2 F.3d at 1571); Cincinnati Elecs. Corp. v. United States, 32 Fed.Cl. 496, 500 (1994). The contracting officer's decision, therefore, was rendered without authority.

Because Sarang may not rely upon the contracting officer's October 2007 decision, it is

without a final decision by the contracting officer, and this Court lacks jurisdiction to entertain its claims. This Court therefore should dismiss Sarang's complaint.

**CONCLUSION**

For the foregoing reasons, defendant respectfully request that the Court dismiss Sarang's complaint.

Respectfully submitted,

GREGORY G. KATSAS
Assistant attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel.: (202) 307-0282

Attorneys for Defendant

July 16, 2008

CERTIFICATE OF FILING

I hereby certify that on this 16th day of July 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION ON THE PLEADINGS AND MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler